# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ALEKSANDER DROZDOV,  )
                     )
  Petitioner,        )
                     )
v.                   )    Case No. CIV-26-365-SLP
                     )
TODD M. LYONS, et al.,  )
                     )
  Respondents.       )

## **O R D E R**

Petitioner, Aleksander Drozdov, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Before the Court is the Report and Recommendation [Doc. No. 12] (R&R) of United States Magistrate Judge Chris M. Stephens.  The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an Objection [Doc. No. 13], to which Petitioner has responded, *see* [Doc. No. 14], and the matter is at issue.  The Court reviews de novo any portion of the R&R to which a specific objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Having conducted that review, and for the reasons that follow, the Court adopts the R&R and grants in part the Petition.

Petitioner is a citizen of Russia.  On or around July 26, 2023, he entered the United States, where Petitioner presented himself to immigration authorities at a United States

designated port of entry near San Ysirdo, California. Shortly thereafter, Petitioner was released on parole pursuant to 8 U.S.C. § 1182(d)(5)(a).[1]

Petitioner was detained by ICE on or around January 3, 2026 pursuant to 8 U.S.C. § 1225(b)(1). Petitioner is detained at Diamondback Correctional Facility in Watonga, Oklahoma.[2] Petitioner has been continuously detained without bond since his arrest pursuant to the detention provisions set forth in 8 U.S.C. § 1225(b)(1). Petitioner was also issued a Notice to Appear on February 4, 2026, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Additionally, Petitioner filed an application for asylum on March 12, 2026.[3]

On February 26, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution. Petitioner claims that § 1225(b)(1) does not apply to him and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

---

[1] While the record before the Magistrate Judge was not clear as to the basis for Petitioner's original detention and release, the Magistrate Judge correctly assumed that Petitioner was released pursuant to 8 U.S.C. § 1182(d)(5)(a). In their Objection, Respondents confirmed Petitioner was released on parole under the statute. *See* Obj. [Doc. No. 13] at 2-3.

[2] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited April 23, 2026).

[3] Petitioner has not brought forth any evidence proving he filed a prior Application for Asylum as he represented in his Petition.

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge also recommended that the Court order Respondents to certify compliance by filing a status report within ten days of the Court's Order.  Finally, the Magistrate Judge recommended that the Court should order the government bear the burden at the bond hearing to prove by clear and convincing evidence that he is either a flight risk or a danger to the community to justify his continued detention.

Respondents first assert in their Objection that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(1).  Respondents assert that the issuance of the Notice of Appear revoked Petitioner's parole.[4]  As a result of the revocation, Respondents maintain that detention under § 1225(b)(1) is mandated by function of 8 U.S.C. § 1182(d)(5).  The statute provides, in relevant part:

> The Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien

---

[4] The Court notes that Respondents do not provide any basis for Petitioner's detention from January 3, 2026, the date of Petitioner's apprehension, to the issuance of the Notice to Appear on February 4, 2026.

> shall forthwith return or be returned to the custody from which he was paroled and *thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States*.

*See* 8 U.S.C. § 1182(d)(5) (emphasis added). Respondents rely solely on the Tenth Circuit's decision in *Baca-Prieto v. Guigni* and on the language of § 1182(d)(5) for their proposition. However, the Court finds Respondents' reliance on the *Baca-Prieto* decision misplaced as it is distinguishable from the present matter. The *Baca-Prieto* court discussed the status of paroled non-citizens in the context of the "advance-parole exception to re-entry" in exclusion proceedings prior to the enactment of the Illegal Immigration Reform and Nationality Act of 1996. *See Baca-Prieto v. Guigni*, 95 F.3d 1006, 1011 (10th Cir. 1996). The Tenth Circuit did not address the effect of parole under § 1182(d)(5) nor detention under § 1225(b)(1). As such, the Court finds that *Baca-Prieto* does not render Petitioner subject to detention under § 1225(b)(1).

Furthermore, Respondents do not cite to any on-point authority for their proposition that detention is mandated under § 1225(b)(1) after revocation of parole. Courts have found that 1225(b)(1) does not apply in circumstances, like Petitioner's, where the noncitizen has resided in the country for several years before their parole under § 1182(d)(5) is revoked. *See, e.g., Rafibaev v. Noem*, No. 26-cv-00461-PAB, 2026 WL 607559, at *4 (D. Colo. Mar. 4, 2026) ("§ 1182(d)(5) does not require petitioner to be detained under the same statutory status as his original detention"); *Qasemi v. Francis*, No. 25-cv-10029, 2025 WL 3654098, at *11 (S.D.N.Y. Dec. 17, 2025) ("Because [the petitioner] was paroled, and because he is not an arriving alien, he is no longer subject to

4

the mandatory detention provision of Section 1225(b)(1)."); *Bezkada v. Fields*, No. 26-57-DLB, 2026 WL 696555 (E.D. Ky. Mar. 12, 2026) ("This Court joins numerous other district courts in finding that the expiration of parole does not return the undocumented immigrant to the status of an 'arriving alien' at the threshold of the border.") (collecting cases); *see also Cunha v. Freden*, --- F.4th ---, 2026 WL 1146044 at *15 (2d Cir. April 28, 2026) (rejecting Respondents' "entry fiction" arguments in the context of 8 U.S.C. § 1225(b)(2)).  The Court finds such cases persuasive and that revocation of parole under § 1182(d)(5) does not render a noncitizen in Petitioner's circumstances subject to detention under § 1225(b)(1).

Because Petitioner is treated similar to "any other applicant for admission to the United States," the Court accordingly adopts its reasoning set forth in *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026).  In doing so, the Court concurs with the Magistrate Judge and finds that 1226(a) controls Petitioner's detention.

Respondents also object on the basis that Petitioner's application for asylum constitutes "seeking admission" under 8 U.S.C. § 1225(b)(2). Respondents' argument is not well taken.  Neither of Respondents' Response [Doc. No. 10] nor their Objection [Doc. No. 13] assert that Petitioner is detained pursuant to § 1225(b)(2).  Rather, Respondents maintain that Petitioner is detained pursuant to § 1225(b)(1).  *See*, *e.g.*, Resp. [Doc. No. 10] at 5 ("Clearly, § 1225(b)(1) applies to the Petitioner and mandatory detention is authorized.); Obj. [Doc. No. 13] ("Accordingly, Petitioner is properly detained pursuant to § 1225(b)(1).).  Furthermore, there is no "seeking admission" language contained within

§ 1225(b)(1). The Court rejects Respondents' position as such arguments are inapplicable to Petitioner's circumstances.

Respondents do not address in their Objection the Magistrate Judge's findings and conclusions as to Petitioner's entitlement to relief under his due process claim and the placement of the burden of proof on the government at a bond hearing. Accordingly, Respondents have waived review of such issues. *See Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED and the Petition [Doc. No. 1] is GRANTED as follows:

1.    The Petition is GRANTED, in part, and Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business (5) days of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.[5]

2.    If a bond hearing occurs, Respondents shall bear the burden of proof to justify Petitioner's continued detention by clear and convincing evidence.

A separate judgment shall be entered.

IT IS SO ORDERED this 26th day of May, 2026.

_____
SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Petitioner's Motion to Expedite Consideration of the Petition for Writ of Habeas Corpus [Doc. No. 15] is DENIED as MOOT.